## REUBEN GILL *v.* MILTON TURNER.

**Practice—Effect of Motion for New Trial.**

A motion for a new trial in a law case suspends the operation of a judgment prematurely entered, or rather entered subject to the right of the unsuccessful party to suspend it by making the motion.

**Judgment in Chancery.**

A judgment in chancery is final and enforcible from the beginning, and will not be suspended by a suggestion to the chancellor that it would be proper for him to exercise his power to set it aside during the term.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 12, 1878.

OPINION BY JUDGE LINDSAY:

This case would not have been in a condition for judgment at the term at which the mandate of this court was filed, except for the fact that appellant anticipated the filing of the mandate, and voluntarily appeared and answered. This gave the appellee the right by demurrer to raise the question of the sufficiency of his answer, and the court having adjudged that it was insufficient, it was incumbent on him to answer further, or submit to the necessary consequences of the entry of his appearance, that is, to the entering of the judgment, because no defense had been interposed.

The answer was not good. It showed in its face that appellee had conveyed the tract of land in exact accordance with the terms of the contract of sale, and that appellant had negligently failed to put the deed to record.

A motion to set aside a judgment or decree rendered by a court of equity is not equivalent to a motion for a new trial in an ordinary action, entered within three days after the rendering of the verdict by the jury, or the decision by the court, when the court is permitted to pass on the facts as well as the law of the case. In such cases the judgment is entered on the verdict or decision subject to the right of the unsuccessful party to move for a new trial within the prescribed time. Theoretically no judgment is entered on the verdict or decision until the expiration of that time, nor until the motion for a new trial, if entered, is disposed of; hence the motion, when pending, necessarily suspends the operation of the judgment prematurely entered, or rather entered subject to the right of the unsuccessful party to suspend it by making the motion.

This is not the case with a judgment in chancery. It is final and enforcible from the beginning, and will not be suspended by a suggestion to the chancellor that it would be proper for him to exercise his power to set it aside during the term. In this case he did not act on the suggestion during the term, and hence there was no reason why the commissioner should not sell at the time the sale was made.

The judgment ordering the sale and the judgment confirming the commissioner's report are each *affirmed*.

*G. W. Ray, for appellant.    Owen & Ellis, for appellee.*